1820.

BUSHNELL
v.
HARFORD.

---

### BUSHNELL *against* HARFORD and others.

On a bill filed against the representatives of a grantee, to have a deed set aside and cancelled, on the ground of a fraudulent alteration, which was fully proved in this Court, and had, also, been proved in an action of ejectment brought by the defendants against the plaintiff, at law, and a verdict found for the tenant in possession, but the defendants, afterwards, had the deed proved by an aged witness, and recorded, and threatened to bring another action of ejectment; this Court ordered the deed to be cancelled as fraudulent and void, and the defendants to be perpetually enjoined from using the record of it as evidence of title.

And the decree was declared to be binding on the infant defendants, unless, on coming of age, they showed good cause to the contrary, on being served with process for that purpose.

The defendants, who were of age, and had not rested satisfied with the trial and verdict at law, were ordered to pay costs.

THIS was a bill to set aside, and to have cancelled, a deed, purporting to have been executed on the 6th day of

*January* 26th.

1820.

BUSHNELL
v.
HARFORD.

*February,* 1790, by *N. Gorham* and *O. Phelps*, to *William Ewing*, in fee, for undivided parts of certain lots of land lying in the county of *Genesee*, and recorded in the clerk's office of that county, on the charge, that it had been falsely and fraudulently altered.

The defendants were the infant children of *Ewing*, who was dead, and his wife, who had married the defendant *Harford*. The cause was put at issue, and proof was taken of the fraudulent alteration of the deed; and the fraud was shown to be of a very gross kind, and clear, beyond all contradiction. It appeared from the pleadings and proofs, that the defendants, *Harford* and his wife, had brought an ejectment suit upon the deed, which was tried at the *Genesee* circuit, where the felonious alteration of the deed was made out to the satisfaction of the judge and jury; and a verdict found for the tenant in possession. Since that trial, these defendants had procured the deed to be proved by a very aged subscribing witness, since dead, and to be recorded, and had threatened the prosecution of a new action of ejectment.

The cause was submitted upon the pleadings and proofs.

*Henry,* for the plaintiff.

*J. C. Spencer,* for the defendants.

THE CHANCELLOR thought it too clear a case to need discussion, and directed, that the deed, which was in Court, should be cancelled, as being a fraudulent, forged, and void deed; and that the defendants, and all persons claiming under them, should be perpetually enjoined from using the record of the deed as evidence of title, and that the decree should be binding upon the infant defendants, unless they should, within six months after they respectively attained the age of twenty-one years, upon being served with process for that purpose, show to the Court good cause to the contrary.

And inasmuch as the defendants, *Harford* and his wife, had not rested satisfied with the trial in the ejectment suit, but had since procured the deed to be proved by a very aged subscribing witness, since dead, without notice thereof to the plaintiff, and had caused the deed to be recorded, they were ordered to pay costs of this suit to the plaintiff.

Decree accordingly.